UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELIZABETH ROJAS

       Plaintiffs,

   -against-

FORSTER AND GARBUS, LLP

       Defendant.

Civil Action No.

## COMPLAINT AND JURY DEMAND

ELIZABETH ROJAS, by and through her undersigned attorneys, Law Offices of Scott J. Goldstein, LLC, as and for her complaint against FORSTER AND GARBUS, LLP, alleges and states as follows:

## VENUE AND JURISDICTIONAL PREREQUISITES

1. Jurisdiction is conferred upon this Court pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331, as the causes of action set forth hereinafter, arise under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*.

2. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b)(1) as the Defendant, Forster and Garbus, LLP regularly transacts business in the Eastern District of New York.

## PARTIES

3. Plaintiff Elizabeth Rojas is an individual resident of the state of New York, residing at 10737 121st Street, South Richmond Hill, NY 11419-2803.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant, Forster and Garbus, LLP ("F&G" or "Defendant") is a limited liability partnership, formed and existing under the laws of the State of New York.

6. Upon information and belief, the Defendant, F&G regularly transacts business in the Southern District of New York by the collection of debts from various individuals in this District.

7. Upon information and belief, F&G is a law firm, whose principal areas of practice are collections and creditors rights.

8. Upon information and belief, F&G is engaged in the business of collecting consumer debts in the Southern District of New York and other areas States of New York and New Jersey. The principal purpose of F&G's business is the collection of consumer debts using the mails and telephones, and it regularly attempts to collect consumer debts for other persons or entities.

9. F&G is a "debt collector" as defined by 15 U.S.C. §1692a(6).

## FACTS COMMON TO ALL COUNTS

### A. THE ORIGINATION OF THE DEBT AND INITIAL SETTLEMENT

10. Upon information and belief, Defendant was retained to collect a debt originated by Chase Bank, USA, bearing an account number ending 7823 (the "Account").

11. In 2010, F&G commenced an action against the Plaintiff in the Civil Court of the City of New York, Queens County under the Index Number 121956-10 (the "Litigation").

12. The balance of the Account at the time that F&G commenced the Litigation was approximately $3,300.00

13. At the time of the initial contact, the Plaintiff had retained the law firm of Persels and Associates, LLC to negotiate her unsecured debt accounts.

14. On March 4, 2011, Plaintiff and the Defendant's of counsel attorney entered into a Settlement Stipulation whereby the Litigation was resolved upon the payment of $2544.26 in monthly installment payments of $212.02 by the 2nd day of each month commencing April 2, 2011.

15. Plaintiff, by and through Persels and Associates, LLC, paid F&G in accordance with the described settlement as follows:

| Check Date | Payment Amount | Date Cleared |
|---|---|---|
| 3/29/2011 | 212.02 | 4/1/2011 |
| 4/29/2011 | 212.02 | 5/9/2011 |
| 5/31/2011 | 212.02 | 6/8/2011 |
| 6/29/2011 | 212.02 | 7/7/2011 |
| 7/29/2011 | 212.02 | 8/4/2011 |
| 8/29/2011 | 212.02 | 9/1/2011 |
| 9/29/2011 | 212.02 | 10/5/2011 |
| 10/31/2011 | 212.02 | 11/3/2011 |
| 11/29/2011 | 212.02 | uncleared |
| 12/29/2011 | 212.02 | 01/04/2012 |

**B.    BREACH OF THE ORIGINAL SETTLEMENT AND REWORK OF THE DEAL**

16. On November 29, 2011, the Debtor's attorneys and agents, Persels and Associates, LLC attempted to make a payment via check in the amount of $212.02 in accordance with the terms of the Settlement (the "November Payment").

17. Following the issuance of the November Payment, on January 1, 2012, the Defendant rejected the November payment, leaving a balance of $636.14 unpaid on the Settlement.

18. Following the wrongful rejection of the November Payment, Plaintiff's agents and attorneys, Persels and Associates, LLC attempted to negotiate a resolution to the Account and preserve the settlement.

19. Thereafter, on or about April 2012, the Defendant and Persels and Associates, LLC resolved the Account for a final payment of $706.00 the "Rework Settlement".

20. On or about May 1, 2012, Persels and Associates, LLC on behalf of Plaintiff issued Check No. 10287676 in the amount of $706.00 (the "Rework Payment").

## C. BREACH OF THE REWORK AGREEMENT AND INCREASED DEMAND

21. On or about May 17, 2012 F&G returned the Rework Payment to Persels and Associates, LLC.

22. Thereafter, having wrongfully rejected the Rework Payment, Defendant demanded an increased payment to resolve the Account.

### FIRST COUNT

UNFAIR AND DECEPTIVE PRACTICES
(15 U.S.C §1692f)

23. Plaintiffs repeat and reallege each of the foregoing paragraphs of this Complaint with the same force and effect as if set forth at length.

24. Defendant, F&G, by extending the Settlement Agreement to the Plaintiff, did unfairly and deceptively represent that the Plaintiff could resolve their obligation to Chase by the payment of the described settlement amounts to F&G.

25. By refusing to accept the November Payment, F&G unfairly caused Plaintiff to default on the Settlement Agreement and remain obligated to Chase for the sum of the Account less the payments made in the Settlement, causing the Plaintiff to lose the benefit of their bargain.

26. Thereafter, the Defendant's improper and groundless rejection of the Rework Payment renewed the damage to the Plaintiff in that the Plaintiff once again lost the benefit of her bargain.

27. Accordingly, the Plaintiff has been damaged.

## SECOND COUNT
### FALSE AND MISLEADING REPRESENTATIONS
(15 U.S.C. §1692e)

28. Plaintiffs repeat and reallege each of the foregoing paragraphs of this Complaint with the same force and effect as if set forth at length.

29. Defendant, F&G, by extending the Settlement Agreement and the Rework Agreement to the Plaintiff, did unfairly and deceptively represent that the Plaintiff could resolve their obligation to Chase by the payment of the described settlement amounts to F&G.

30. The subsequent refusal of F&G to accept payments and thereby causing default indicates that F&G did not have the authority to accept and bind its principal to the settlement.

31. By reason of the foregoing, F&G has violated 15 USC §1692e by the making of a false or misleading representation.

32. Accordingly, the Plaintiff has been damaged.

## THIRD COUNT
### HARASSMENT OR ABUSE
(15 U.S.C. §1692d)

33. Plaintiffs repeat and reallege each of the foregoing paragraphs of this Complaint with the same force and effect as if set forth at length.

34. F&G's conduct with respect to the collection of the debt was intended to oppress, harass, and abuse the Plaintiff.

35. By reason of the foregoing, the Plaintiff has been damaged.

**WHEREFORE THE PLAINTIFF**, Elizabeth Rojas demands judgment as follows:

1) Declaring that the conduct engaged in by the Defendant, F&G is a violation of the Fair Debt Collection Practices Act.

2) Awarding statutory damages, compensatory damages and punitive damages.

3) Grant the foregoing together with attorney fees, costs of court and disbursements.

4) Granting such additional and/or other relief as this honorable Court may deem just and appropriate.

Dated: May 11, 2013

LAW OFFICES OF SCOTT J. GOLDSTEIN
*Attorneys for Plaintiff*

By:  /s/Scott J. Goldstein (SG1837)
SCOTT J. GOLDSTEIN
3175 Route 10 East, Suite 300C
Denville, New Jersey 07834
Tel: 973-453-2838
Fax: 973-453-2869
Email: sjg@sgoldsteinlaw.com