UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
ELIZABETH ROJAS,                                :

                          Plaintiff,           :
                                                               :                         **MEMORANDUM AND ORDER**
                      -against-                :                         13-CV-02825 (DLI) (RER)
                                                                :
FORSTER & GARBUS LLP,               :

                             Defendant.       :

---------------------------------------------------------- x
**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Elizabeth Rojas filed the instant action against Defendant Forster & Garbus, LLP, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). Plaintiff claims that Defendant violated the FDCPA by unfairly and deceptively representing that Plaintiff could resolve an outstanding debt by the payment of agreed upon settlement amounts. Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff opposes this motion. For the reasons set forth below, the motion to dismiss is granted.

## BACKGROUND[1]

Defendant is a law firm engaged in the business of collecting consumer debts. (Complaint and Jury Demand ("Compl.") ¶ 6, Dkt. Entry No. 1.) In 2010, Defendant commenced a debt collection action against Plaintiff in the Civil Court of the City of New York, Queens County, under the Index Number 121956-10 ("2010 Lawsuit") for an outstanding debt

---

[1] The Court takes the following facts from the complaint. As discussed *infra*, the Court may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that Plaintiff relied on in bringing suit and that are either in Plaintiff's possession or that Plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. Where these facts are well pled, the Court assumes them to be true for purposes of deciding this motion and construes them in the light most favorable to Plaintiff, the non-moving party.

of $3,300.00 owed to Chase Bank, USA ("Chase"). (Compl. ¶¶ 8, 11.) Upon Defendant's initial contact with Plaintiff regarding the 2010 Lawsuit, Plaintiff retained the law firm of Persels and Associates, LLC ("Persels") to negotiate a resolution with Defendant. (*Id.* ¶ 13). As a result of these negotiations, Plaintiff and Defendant entered into a debt settlement stipulation on March 4, 2011 (the "Settlement Agreement"), whereby the 2010 Lawsuit would be resolved upon Plaintiff's payment of $2,544.26 in monthly installments of $211.02. (*Id.* ¶ 14.) Plaintiff, through her counsel, paid Defendant in accordance with the agreed upon settlement and without issue, until January 2012, when Defendant rejected Plaintiff's tendered payment from November 2011. (*Id.* ¶ 16-17.) Persels negotiated a resolution to this impasse with Defendant, which resulted in an April 2012 agreement, pursuant to which Plaintiff would fully resolve her debt by paying Defendant a final amount of $706.00 (the "Rework Settlement"). (*Id.* ¶ 19.) On May 1, 2012, Persels, on behalf of Plaintiff, issued a check to Defendant for $706.00 (the "Rework Payment"). (*Id.* ¶ 20.) On May 17, 2013, Defendant returned the Rework Payment to Persels, and soon after Defendant demanded an amount higher than $706.00 to resolve Plaintiff's outstanding debt. (*Id.* ¶¶ 21-22.)

Plaintiff alleges that Defendant wrongfully rejected the Rework Payment, unfairly and deceptively represented its ability to resolve Plaintiff's obligations to Chase, and intended to oppress, harass, and abuse Plaintiff in order to collect the debt, all in violation of the FDCPA. Defendant contends that there are no actionable communications between Defendant and Plaintiff, and that Plaintiff's claims are untimely as a matter of law. Defendant further moves this Court to find that Plaintiff's counsel violated Federal Rule of Civil Procedure 11 by filing a frivolous lawsuit and to award Defendant the fees and costs associated with the defense of this matter.

# DISCUSSION

## I. Motion to Dismiss Standard

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the

plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007).

II. **FDCPA Analysis**

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Moreover, this law "was passed to protect consumers from deceptive or harassing actions taken by debt collectors." *Kropelnicki v. Siegel*, 290 F. 3d 118, 127 (2d Cir. 2002). Within the Second Circuit, compliance with the FDCPA is evaluated according to the "least sophisticated consumer" standard. *Jacobsen v. Healthcare Fin. Servs., Inc.*, 516 F. 3d 85, 90 (2d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F. 2d 1314, 1318 (2d Cir. 1993)). Here, Plaintiff alleges that Defendant violated the following sections of the FDCPA: 15 U.S.C. §§ 1692d, 1692e, and 1692f. For the reasons set forth below, Plaintiff has failed to plead facts that plausibly invoke the protection of the FDCPA.

A. **Statute of Limitations**

The statute of limitations for an FDCPA claim is one year from the date of the violation. 15 U.S.C. § 1692k(d). Plaintiff commenced the instant action on May 13, 2013; thus, all claims accruing before May 13, 2012 are time barred. FDCPA claims are subject to equitable tolling where a plaintiff establishes: "(1) the defendant concealed from him the existence of his cause of action; (2) he remained in ignorance of that cause of action until some length of time within the statutory period before commencement of his action; and (3) his continuing ignorance was not attributable to a lack of diligence on his part." *Sykes v. Mel Harris and Associates, LLC*, 757 F.

Supp. 2d 413, 422 (S.D.N.Y. 2010) (citing *N.Y. v. Hendrickson Bros., Inc*, 840 F. 2d 1065, 1083 (2d Cir. 1988)). Plaintiff has not pled any facts to support the tolling of her FDCPA claims. Accordingly, the only alleged actions of Defendant in the complaint that occurred within the one-year statute of limitations are Defendant's return of the Rework Payment to Persels on May 17, 2012, and subsequent demand for a higher settlement amount. (*See* Compl. ¶ 21.) Therefore, these actions are the only possibly actionable FDCPA violations in the complaint.

### B. Section 1692d Claim

Section 1692d prohibits conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. This section contains a non-exhaustive list of proscribed conduct, including "[t]he use or threat of use of violence," "[t]he use of obscene or profane language," and relentless telephone calls. *See id.* § 1692d(1)-(6). Abusive language under this statute includes "religious slurs, profanity, obscenity, calling the consumer a liar or a deadbeat, and the use of racial or sexual epithets." *Chiverton v. Fed. Fin. Grp., Inc.*, 399 F. Supp. 2d 96, 101 (D. Conn. 2005) (quoting Federal Trade Commission, Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50105 (1988)).

Here, the complaint does not contain any specific or detailed allegations regarding how Defendant's conduct harassed or abused Plaintiff. Instead, at best, it is a conclusory recitation of behavior prohibited by the FDCPA. Plaintiff merely contends that Defendant's "conduct with respect to the collection of the debt was intended to oppress, harass, and abuse the Plaintiff." (Compl. ¶ 34) The type of behavior described in 15 U.S.C. § 1692d is a far cry from the accusation here that Defendant rejected a tendered payment in violation of a settlement agreement negotiated between counsel and then demanded an increased payment to resolve an

outstanding debt. "Section 1692d is meant to protect debtors from oppressive and outrageous conduct, but not from every negative consequence of debt collection." *See Johnson v. Capital Mgm't Servs.*, 2011 WL 6012509, at *5 (W.D.N.Y. Dec. 1, 2011) (holding that collection efforts, while aggressive, did not rise to the level of harassment contemplated by § 1692d). Plaintiff's section 1692d claim is patently insufficient to withstand the motion at hand. *See Harvey v. Great Seneca Fin. Corp.*, 453 F. 3d 324, 330 (6th Cir. 2006) ("Courts have . . . dismissed claims filed pursuant to § 1692d as a matter of law if the facts alleged do not have the natural consequence of harassing or abusing a debtor.") (collecting cases). Plaintiff's section 1692d claim is dismissed.

### C. Section 1692e Claim

Section 1692e prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.[2] To determine whether a debt collector has violated Section 1692e, courts use an objective standard measured by whether the alleged misrepresentation would mislead "the least sophisticated consumer." *See Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F. 3d 360, 363 (2d Cir. 2005) (citing *Clomon v. Jackson*, 988 F. 2d 1314, 1318 (2d Cir. 1993)). This is a question of law. *See Shami v. Nat'l Enter. Sys.*, 914 F. Supp. 2d 353, 359 (E.D.N.Y. 2012); *see also Corcia v. Asset Acceptance*, 2014 WL 3656049, at *4 (E.D.N.Y. July 22, 2014) (noting that the "Court can resolve whether a communication violates § 1692e on a motion to dismiss"). Section 1692e also contains a non-exhaustive list of conduct violative of this section, which includes, *inter alia*, the false representation that the debt collector is affiliated with the United States government, the false

---

[2] Although Congress did not expressly require that any violation of § 1692e be material, many courts have read a materiality requirement into § 1692e. *See Warren v. Sessoms & Rogers, P.A.*, 676 F. 3d 365, 374 (4th Cir. 2012) (collecting cases). Although the Second Circuit has not expressly adopted this requirement, it has cited *Warren* and other similar cases with apparent approval. *See Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012). This Court also reads a materiality requirement into § 1692e of the FDCPA. *See also Fritz v. Resurgent Capital Services, LP*, 2013 WL 3821479, at *3 (E.D.N.Y. July 24, 2013) (agreeing "that only material misrepresentations are actionable under the FDCPA.").

representation of the nature or amount of the debt, and the false representation that failure to pay the debt will result in arrest, imprisonment, or seizure of property. *See* 15 U.S.C. § 1692e(1)-(4). Moreover, subsection (5), the fifth of sixteen examples of conduct that would constitute a violation, prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." *Id.* § 1692e(5).

Here, Plaintiff alleges that Defendant, "by extending the Settlement Agreement and the Rework Agreement to the Plaintiff, did unfairly and deceptively represent that the Plaintiff could resolve [her] obligation to Chase by the payment of the described settlement amounts to [Defendant]," in violation of section 1692e. (Compl. ¶ 29.) Plaintiff further contends, "The subsequent refusal of [Defendant] to accept payments and thereby causing default indicates that [Defendant] did not have authority to accept and bind its principal to the settlement." (*Id.* ¶ 30)

As discussed above, any alleged violations by Defendant that occurred prior to May 13, 2012, are untimely. Plaintiff's complaint notes that Defendant's extension of the Settlement Agreement and the Rework Agreement occurred prior to May 13, 2012, which alleged violations are time barred and cannot be asserted to sustain Plaintiff's section 1692e claim. (*See* Compl. ¶¶ 17-19.) Accordingly, Plaintiff may only rely on her contention regarding Defendant's subsequent refusal to accept payments and related alleged misrepresentation regarding its power to bind Chase.

Even without this limitation, Plaintiff has not cited to any facts to transform these purported misrepresentations from being merely possible to being plausible. Plaintiff did not provide either the Settlement Agreement or the Rework Agreement to the Court or otherwise discuss the relevant provisions within each document or any obligations contained therein. Cursory descriptions about a returned check and a demand for a higher payment are insufficient

7

to raise a right to relief above the speculative level. Plaintiff has not offered so much as a rudimentary explanation to show why even the least sophisticated consumer would be materially misled about either (i) the expected impact of the Settlement Agreement and the Rework Agreement on Plaintiff's debt or (ii) Defendant's authority to bind Chase. Plaintiff impermissibly is attempting to convert a breach of contract claim into a FDCPA claim. These facts are insufficient for a claim under section 1692d.

To the extent Plaintiff alleges Defendant made the purported misrepresentations to Plaintiff's counsel in support of her 1692d claim, any such claim also must be rejected. The Second Circuit has expressed, albeit in dicta, "Where an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior." *Kropelnicki*, 290 F.3d at 128. Generally, for a misrepresentation to be actionable under the FDCPA, the false statement must be made to the debtor directly and not to counsel. *See Kropelnicki*, 290 F. 3d at 130 (finding that plaintiff could not state a claim where the alleged misrepresentation was addressed to her attorney, but must instead show that the misrepresentation was to the plaintiff herself); *Tromba v. M.R.S. Assocs., Inc.*, 323 F. Supp. 2d 424, 428 (E.D.N.Y. 2004) ("Plaintiff has no cause of action under the FDCPA where a communication was solely directed to her attorney and no threat was made regarding contact with the debtor herself."); *see also Evory v. RJM Acquisitions Funding, LLC*, 505 F. 3d 769, 775 (7th Cir. 2007) ("[A] representation by a debt collector that would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law, should not be actionable.").

Here, the complaint does not provide enough information to glean the nature or recipient of Defendant's communication regarding the Rework Payment or the resolution of the

outstanding debt, which only further highlights Plaintiff's failure to plead sufficiently a material misrepresentation. Moreover, the complaint suggests that Persels represented Plaintiff at all critical times in the underlying action, making it more likely that any communication from Defendant to Plaintiff occurred through counsel. (*See* Compl. ¶¶ 13-21.) Plaintiff's section 1692e claim is dismissed.

### D. Section 1692f Claim

Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. 1692f. As with other provisions of the FDCPA, section 1692f contains a non-exhaustive list of conduct that violates this section, including, *inter alia*: collection of any amount, including any interest, fee, or charge that is incidental to the principal obligation and not expressly authorized; solicitation of any postdated check for the purpose of threatening or instituting criminal prosecution; and depositing or threatening to deposit any postdated check prior to the date on such check. *See* 15 U.S.C. § 1692f. Aside from the examples of violations within section 1692f, the FDCPA does not purport to define "unfair or unconscionable." "Courts analyzing claims under 1692f have acknowledged that '[t]he phrase 'unfair or unconscionable' is as vague as they come.'" *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 531 (S.D.N.Y. 2013) (quoting *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F. 3d 470, 474 (7th Cir. 2007)); *accord LeBlanc v. Unifund CCR Partners*, 601 F. 3d 1185, 1200 (11th Cir. 2010). Few courts have addressed the question of what constitutes "unfair or unconscionable means." The Second Circuit has not defined this term in the FDCPA context. However, the Eleventh Circuit's interpretation of this phrase in *LeBlance* is insightful:

> The plain meaning of "unfair" is "marked by injustice, partiality, or deception." Significantly, in *Jeter*, we noted in dictum that in the FTC context, [a]n act or practice is deceptive or unfair . . . if it has the tendency or capacity to deceive." *Jeter* [*v. Credit Bureau Inc.*, 760 F.2d 1168, 1172 (11th Cir. 1985)].

9

> The term "unconscionable" means "having no conscience"; "unscrupulous"; "showing no regard for conscience"; "affronting the sense of justice, decency, or reasonableness." BLACK'S LAW DICTIONARY 1526 (7th ed. 1999).

*LeBlanc*, 601 F.3d at 1200.

Here, Plaintiff does not allege any "unfair or unconscionable" acts explicitly listed within the subsections of section 1692f, "however, this alone is not fatal to Plaintiff's claim because section 1692f permits courts to sanction improper conduct that is not specifically addressed in the FDCPA." *Sussman v. I.C. Sys.*, 928 F. Supp. 2d 784, 797 (S.D.N.Y. 2013). However, other than a vague reference to allegedly unfair behavior in her complaint, Plaintiff fails to provide the Court with any evidence or case law to support her claim that Defendant's collection activities were not authorized by agreement or otherwise permitted by law. *See Tsenes v. Trans-Continental Credit & Collection Corp.*, 892 F. Supp. 461, 466 (E.D.N.Y. 1995) ("The Complaint is devoid of support for the contention that the defendant engaged in practices that were 'unfair' or 'unconscionable' within the meaning of the section . . . ."). Moreover, although Defendant may have breached Rework Agreement, that does not suggest, as a matter of law, that its actions constituted "unfair or unconscionable means to collect or attempt to collect any debt." Accordingly, Plaintiff's section 1692f claim is dismissed.

## IV. Defendant's Request for Rule 11 Sanctions

Defendant contends that, prior to the filing of the instant motion, it informed Plaintiff's counsel of the legal deficiencies in the complaint and, therefore, Plaintiff's counsel knowingly pursued a "frivolous and baseless lawsuit." (Mem. of Law in Support of Def. Mot. To Dismiss at 6). Plaintiff's counsel admits that Defendant sent a letter denying all liability to Plaintiff, but argues that, nonetheless, there was enough evidentiary and legal support for the filed complaint

for it not to be frivolous and worthy of sanction.  (*See* Pl. Mem. of Law in Opp. to Mot. to Dismiss at 8.)

A court may impose appropriate sanctions on any attorney, law firm, or party for the violation of Federal Rule of Civil Procedure 11.  This rule provides that, by presenting to the court a pleading, written motion, or other paper, an attorney certifies that to the best of his or her knowledge, information, and belief, that:

> (1) [the pleading, written motion, or other paper] is not being presented for any improper purpose,  such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

In considering a motion for sanctions under Rule 11, this Court applies an "objective standard of reasonableness."  *See MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 73 F.3d 1253, 1257 (2d Cir. 1996).  "Sanctions should only be imposed if 'it is patently clear that a claim has absolutely no chance of success,' and all doubts should be resolved in favor of the signing attorney."  *K.M.B. Warehouse Distribs. v. Walker Mfg. Co.*, 61 F.3d 123, 131 (2d Cir. 1995) (quoting *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993).  Here, Plaintiff's claims were not were so completely lacking in merit or brought in bad faith as to warrant sanctions.  Defendant's motion for sanctions is denied.

## CONCLUSION

For the reasons set forth above, Defendant's motion for the imposition of sanctions is denied and the motion to dismiss is granted.  Accordingly, this action is dismissed in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
      July 31, 2014

                                              /s/
                                    DORA L.  IRIZARRY
                              United States District Judge